UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


STANLEY GILL (#593996)

VERSUS                                        CIVIL ACTION

D.C.I.                                        NUMBER 14-125-BAJ-SCR


## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 11, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STANLEY GILL (#593996)

VERSUS                                   CIVIL ACTION

D.C.I.                                   NUMBER 14-125-BAJ-SCR

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Plaintiff Stanley Gill, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dixon Correctional Institute ("DCI").  Plaintiff alleged that he was subjected to unconstitutional conditions of confinement.  Specifically, the plaintiff alleged that on January 18, 2014, the prison population was notified that toilet paper must be disposed of by placing in trash bags adjacent to the toilets rather than depositing the toilet paper in the toilet bowels.

Plaintiff further alleged that he has not been allowed to take a shower since January 16, 2014, but he is being provided a bucket of water to wash himself.  Plaintiff alleged that inmate orderlies and prisoners who work in the kitchen are being allowed to shower.

### I. Applicable Law and Analysis

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions

under section 1983 of this title, or any other
Federal law, by a prisoner confined in any jail,
prison, or other correctional facility if the court
is satisfied that the action is frivolous,
malicious, fails to state a claim upon which relief
can be granted, or seeks monetary relief from a
defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

In an action proceeding under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties. *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

(a) Applicability of Administrative Remedies.--No action
shall be brought with respect to prison conditions under
section 1983 of this title, or any other Federal law, by
a prisoner confined in any jail, prison, or other
correctional facility until such administrative remedies
as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated*

2

*in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999).   A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions.   *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004).   Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.   *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006).   Because § 1997e(a) expressly requires exhaustion,  prisoners  may  not  deliberately  bypass  the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90.   The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).   A court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

Plaintiff acknowledged in his complaint that he filed an Administrative Remedy Procedure ("ARP") DCI-2014-84 regarding the

claims raised in the complaint.[1]  Plaintiff conceded that the ARP was rejected because it contained multiple issues.[2]

To verify the failure to exhaust administrative remedies, the Louisiana Department of Public Safety and Corrections was ordered to file a certified copy of any ARP record related to the claims raised in the complaint.  In its response, the Louisiana Department of Public Safety and Corrections filed the entire administrative proceedings regarding ARP DCI-2014-84.[3]  The ARP complained about being prohibited from flushing used toilet paper and not being allowed to shower.  A review of ARP DCI-2014-84 showed that it was received on January 21, 2014, and on February 13, 2014, it was rejected because it contained multiple issues.[4]

In accordance with the Adult Administrative Remedy Procedures, an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought.  La. Admin. Code tit. 22, pt. I § 325(G)(1)(a).  The request shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is rejected.  *Id*.  The warden shall respond to the inmate within 40 days from the date the request is received at the

---

[1] Record document number 1, p. 3, § II. C. 1.

[2] *Id*. at ¶ II. C. 3.

[3] Record document number 7.

[4] Record document number 7-1, p. 1.

4

first step.  *Id.*  An inmate who is dissatisfied with the first step response may appeal to the secretary of the Department of Public Safety and Corrections by so indicating in the appropriate space on the response form and forwarding it to the ARP screening officer within 5 days of receipt of the decision.  *Id.* at § 325(G)(2)(a). A final decision will be made by the secretary and the inmate will be notified within 45 days of receipt.  *Id.*

Under the Fifth Circuit's strict approach to the Prison Litigation Reform Act's exhaustion requirement, mere "substantial compliance" with administrative remedy procedures does not satisfy exhaustion.  *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

It is apparent on the face of the complaint that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the complaint prior to filing suit, as required by 42 U.S.C. § 1997e(a).

Plaintiff's complaint should be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis.

## RECOMMENDATION

It is the recommendation of the magistrate judge that plaintiff's complaint be dismissed for failure to state a claim, predicated on the plaintiff's failure to exhaust available

5

administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis.[5]

Baton Rouge, Louisiana, April 11, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[5] *Underwood v. Wilson*, 151 F.3d at 296.